## 9410

### FRIEDHEIM v. WALTER H. HILDIC CO.

#### (89 S. E. 358.)

1. CONTRACTS—CONSTRUCTION AS A WHOLE.—In construing a contract every word thereof should be regarded as having a meaning.

2. PRINCIPAL AND AGENT—TRAVELING SALESMEN—COMPENSATION—COMMISSION—"NET SALES."—Where traveling salesman secured orders from retailers whose accounts were guaranteed by jobbers, the jobbers receiving 15 per cent. commission, the employer was entitled to deduct such jobbers' commissions, besides "free" goods given as premiums and freight prepaid on shipments, in paying salesman's commission on "net sales," in view of the usage of the trade to pay freight and allow jobber's discount.

3. CUSTOMS AND USAGES—OPERATION—REFERENCE TO IN CONTRACT.—The known usage of a trade, business, or calling is presumed to enter into and form a part of contracts made in respect thereto.

Before PRINCE, J., Florence, Spring term, 1915. Reversed.

Action by J. L. Friedheim against the Walter H. Hildic Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox* and *S. M. Wetmore,* for appellant, cite: *As to definition of "net:"* 89 U. S. 136; 22 Fed. 743; 71 Pac. 69; 15 Minn. 519; 2 Am. Rep. 154; 19 Md. 143; 29 Cyc. 670.

*Messrs. Whiting & Baker,* for respondent, cite: *As to construction of contract:* 9 Cyc. 590; U. S. 24 L. Ed. 563; 19 Md. 413.

June 30, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff was employed as a traveling salesman by defendant during the year 1912, under a written contract, to sell defendant's goods. He was to receive a salary of $150 per month, his traveling expenses, and a commission of 10 per cent. of all net sales over $16,000. The commission was to be paid at the end of the year. By the terms of the contract and the undisputed evidence, sales were to be made to or through jobbers. Plaintiff worked the retail trade and secured orders from retailers; but these were, with a few exceptions, sent to the jobbers for approval, the jobbers guaranteeing the accounts. The goods were then billed to the jobbers, and, for convenience and to save expenses, shipped direct to retailers, freight prepaid. Sometimes the jobbers would buy for their own account, and then the

goods were shipped to them, freight prepaid. The jobbers were allowed a trade discount of 15 per cent., whether the goods were shipped direct to them or to the retailers on their account. Plaintiff received from defendant monthly statements during the year of his net sales, which were ascertained by deducting from his gross sales the jobbers' discount, freight prepaid, and free goods; the last being a certain amount of goods given free of charge when the purchase exceeded a certain sum to induce large orders. Plaintiff admits that the free goods were properly deducted, but contends that the deductions for freight and jobbers' discount were not proper. The dispute arose as early as February or March; plaintiff contending that these deductions were wrong, and defendant that they were proper. At the end of the year, defendant paid plaintiff all that was due him for commissions, except 10 per cent. of the sum of these deductions, which amounts to $678.88, for which sum this action was brought. The Circuit Court held that the deductions were improper and directed a verdict for plaintiff for the amount sued for.

The sole question presented by the appeal is whether this was a proper construction of the contract. The solution of that question depends upon the meaning of the word "net" in "net sales," as used in the contract.

According to elementary rules of construction, it must have some meaning. It was not intended to exclude free goods, for they were not sales at all.

The Century Dictionary defines "net" as meaning, "clear of anything extraneous, with all deductions, such as charges, expenses, discounts, commissions, tares, etc., made." Other definitions, and numerous instances of the meaning given the word in decisions, will be found in the citations in the briefs of counsel. In view of the definition above given and the usage of the trade—to pay freight and allow a jobbers' discount—we think these deductions were properly made. The known usage of a trade,

business, or calling is presumed to enter into and form a part of contracts made with respect thereto. The prepayment of freight and the allowance of a jobbers' discount was a custom of defendant's business well known to plaintiff. Therefore, in using the word "net" with reference to his sales, it must be presumed that the parties contemplated such deductions as were made.

Judgment reversed.