

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2005

# Dubrosky v. Colonial Life

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1994

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Dubrosky v. Colonial Life" (2005). *2005 Decisions.* Paper 1345.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1345

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-1994

———————

TERRY DUBROSKY

v.

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY; UNUM
PROVIDENT CORPORATION,

Appellants

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-cv-01261)
District Court Judge: The Honorable Robert J. Cindrich[*]

———————

Argued March 31, 2005

Before: ALITO, SMITH, and FISHER, <u>Circuit Judges</u>

(Opinion Filed: April 18, 2005)

RICHARD L. McMONIGLE, JR. (Argued)
JENNIFER L. CORRY
Post & Schell, P.C.
Four Penn Center

———————

[*] The judgment of the District Court was entered by the Honorable Thomas W.
Hardiman, US District Judge, following the retirement of Judge Cindrich.

1600 John F. Kennedy Boulevard
Philadelphia, PA 19103

*Counsel for Appellant*

JOSEPH P. NIGRO (Argued)
Nigro & Associates, LLC
Two Gateway Center, Suite 1799
Pittsburgh, PA 15222

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

Because we write only for the parties, we do not set forth the facts of this case. Colonial Life & Accident Insurance Company ("Colonial") appeals the District Court's summary judgment against it in the amount of $115,000 and the denial of its own motion for summary judgment. For the reasons that follow, we reverse and remand with instructions to enter judgment for Colonial.

I.

We review an award of summary judgment de novo, applying the same test on review that the District Court should have applied. In re Ikon Office Solutions, Inc., 277 F.3d 658, 665 (3d Cir. 2002). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

2

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view all reasonable inferences from the evidence in the light most favorable to the non-movant and may not weigh the evidence or evaluate credibility. See Country Floors, Inc. v. A P'ship Composed of Gepner & Ford, 930 F.2d 1056, 1061-62 (3d Cir. 1991). Since it is undisputed that South Carolina law governs the interpretation of the parties' Career Sales Representative Agreement (the "Agreement"), we turn to that state's law of contracts to determine whether DuBrosky was entitled to summary judgment.

## II.

The District Court gave several reasons for reading the two-year limitation of section IX of the Agreement into section VIII. The leitmotif of this reasoning was that since both sections targeted the same forms of competitive conduct, it was reasonable to assume that both sections operated subject to the same limitation. At the very least, the District Court reasoned, any ambiguity as to the lifespan of section VIII should be resolved against Colonial as the drafter of the document.

We disagree with the District Court's reasoning because we reject the premise that sections VIII and IX are functionally equivalent. Both sections call for the forfeiture of DuBrosky's commissions if certain acts occur, but only section IX entitles Colonial to injunctive relief, attorney's fees, and costs. See Section IX.F, App. 105a. Since DuBrosky's competitive threat was likely to be at its peak in the years immediately following his departure, it is not surprising that such extraordinary equitable relief would

3

be reserved for that period. Section IX's remedies also operate against a slightly broader range of conduct. Under section IX.D, for example, DuBrosky may not "solicit or accept insurance business from any Colonial customer or account with whom [he] had business relations during the period he . . . was associated with Colonial." App. 105a. This conduct would not be impermissible under section VIII unless the sale came in an account in which Colonial had payroll deduction privileges or DuBrosky attempted to induce the policyholder to relinquish an existing Colonial policy. See App. 104a.

Because each section has independent meaning, there is no basis for the District Court's fear that a limitless section VIII would render section IX's two-year limit "essentially meaningless." Op. at 10. To the contrary, an interpretation that made the two sections coextensive would make much of section VIII surplusage. This interpretation must be rejected under the cardinal principle that each term of a contract should be given meaning so that no term is superfluous. See, e.g., Friedheim v. Walter H. Hildic Co., 89 S.E. 358, 359 (S.C. 1916); 11 Williston on Contracts § 32:5, at 427 (Richard A. Lord ed., 4th ed. 1999).

We believe section VIII should instead be interpreted according to its plain language. That plain language provides that a prohibited act will result in the forfeiture of commissions if it occurs "during the term of this Agreement or at any time thereafter." App. 104a (emphasis added). Since the Agreement entitles Colonial to terminate DuBrosky's commissions even if he commits a prohibited act beyond the two-year

4

horizon of section IX, the District Court erred in awarding him summary judgment.[1]

### III.

We next consider whether Colonial's own motion for summary judgment was erroneously denied. Were the record hotly disputed, a remand at this point would be the appropriate course, but the parties' accounts of the underlying events are virtually identical. It is undisputed that DuBrosky sat down with each employee of Toyota of Greensburg and Ford of Greensburg, discussed competing policies with them, and explained to them the benefit of the payroll deduction system, which could only be used with the competing policies. It is also undisputed that some of these employees were insured by Colonial and that some of them decided to drop their Colonial insurance and assume coverage with one of Colonial's competitors after meeting with him. On this record, we believe a reasonable factfinder would be compelled to find both that DuBrosky "[s]olicit[ed] or accept[ed] sales of competing products in an[] account in which Colonial has payroll deduction privileges" and that he "[a]ttempt[ed] to induce or induce[d] Colonial policyholders to relinquish their Colonial policies."

DuBrosky denies that any of his conduct amounted to a prohibited act within the meaning of section VIII of the Agreement. In light of his other admissions, this

---

[1] DuBrosky has not squarely challenged the enforceability of section VIII under state or federal competition law, so we need not address this issue. We note, however, that the Court in Wolf v. Colonial Life & Accident Insurance Co., 420 S.E.2d 217, 223 (S.C. Ct. App. 1992), enforced an identical, or nearly identical, agreement under South Carolina law.

conclusory denial rings hollow and cannot forestall summary judgment.  See In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 860 (3d Cir. 1990).  He also insists that none of the employees with whom he discussed competing policies should be deemed Colonial policyholders, since the dealerships had already notified Colonial of their intention to switch providers.  At argument, however, he conceded that the dealerships' decision was effective July 1, 1999 – after he had met with their employees.  In any case, an employer's decision to sever its relationship with Colonial would not affect the status of its employees as Colonial policyholders.  The conclusion that DuBrosky committed an act prohibited under section VIII of the Agreement, and that Colonial was therefore entitled to terminate his renewal commissions, is irresistible.

IV.

After carefully considering the arguments of both parties, we conclude that section VIII of the Agreement remained in force beyond the two-year period specified in section IX.  We further conclude that no triable issue exists as to whether DuBrosky committed a prohibited act within the meaning of section VIII.  It follows that summary judgment was erroneously granted to DuBrosky and erroneously denied to Colonial.  On remand, the District Court shall enter an appropriate judgment for Colonial.